**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| CARI ALLEN,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>SMITH'S FRESH MARKETPLACE, THE KROGER CO., JANE DOE NO. 1, JANE DOE NO. 2, and JOHN DOES NO. 1-5<br><br>　　　　　　Defendants. | **REPORT AND RECOMMENDATION**<br><br>Case No.  2:18-cv-00939-DB-EJF<br><br>District Judge Dee Benson<br>Magistrate Judge Evelyn J. Furse |

In December 2018 pro se Plaintiff Cari Allen, proceeding in forma pauperis, filed the Complaint in this matter.  (ECF No. 3.)  The undersigned[1] has reviewed Ms. Allen's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and finds it fails to state a claim for relief.  Ms. Allen's 42 U.S.C. § 1983 claim fails because the Complaint fails to allege facts to support her claim that the offending actions occurred under color of state law.  Ms. Allen's 42 U.S.C. § 1985 claim fails because the Complaint fails to allege the facts that would explain to what class she belongs and why she claims they took their actions on that basis.  The undersigned also considered the potential that Ms. Allen really intended to bring a 42 U.S.C. § 1981, but that provision only applies to discrimination based on race, which Ms. Allen does not allege.  Because none of Ms. Allen's federal claims survives, the Court should not exercise jurisdiction over her state claims.

---

[1] On January 15, 2019, the District Judge referred this case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B).  (ECF No. 5.)

1

Accordingly, as more fully explained below, the undersigned RECOMMENDS the District Judge dismiss Ms. Allen's Complaint without prejudice.

## BACKGROUND

On December 12, 2018, a magistrate judge granted Ms. Allen's request to proceed in forma pauperis in this matter. (ECF No. 2.) Ms. Allen's Complaint purports to bring claims under 42 U.S.C. §§ 1983 and 1985 against Smith's Fresh Marketplace ("Smith's Marketplace"), The Kroger Co. ("Kroger"), and two Smith's employees identified as Jane Does 1 and 2 (collectively, "Smith's Marketplace Defendants").[2] (Compl., ECF No. 3.) Ms. Allen alleges that on December 6, 2017, she went to the Smith's Marketplace store on 455 East 500 South in Salt Lake City, Utah to shop for groceries and personal items for herself and her family. (Id. at 3.) Ms. Allen claims that after she scanned her items at the register, which totaled $357, a Smith's Marketplace worker, identified in the Complaint as Jane Doe 1, approached her and asked to see her debit card and driver's license. (Id. at 4, 7.) Ms. Allen alleges that Jane Doe 1 then "refused to allow [her] to proceed with [her] purchase." (Id. at 4.) Ms. Allen claims she then went to the ATM in the lower level of the store, and as she was proceeding to withdraw money to pay for the items in cash, a second store employee identified in the Complaint as Jane Doe 2, attempted to pull her card out of the ATM, and a struggle between them ensued. (Id. at 3–4.)

Ms. Allen asserts that the Smith's Marketplace Defendants violated her "rights to freedom and privacy." (Compl. 2, ECF No. 3.) She further alleges that the two Smith's

---

[2] Ms. Allen's Complaint also references John Does 1–5 in the caption, but she does not make any allegations concerning other employees or individuals.

Marketplace employees acted together and conspired against her by not letting her purchase the items she selected from the store and that they intended to have her arrested. (Id. at 2, 5.) Ms. Allen asserts that the employees entered the conspiracy "for a class-based reason socially and financially on both respects." (Id. at 5.) She also asserts that they violated state law, which she claims prohibits them from asking for identification. (Id.) Finally, Ms. Allen claims that the Smith's Marketplace employee identified as Jane Doe 2 assaulted her. (Id. at 3, 7.)

Ms. Allen alleges that these events affected her socially and that she remains afraid to go into any store. (Compl. 7, ECF No. 3.) In her request for relief, Ms. Allen seeks $357,000 in damages. (Id. at 8.)

## LEGAL STANDARD

Whenever the Court authorizes party to proceed in forma pauperis, the Court must "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In determining whether a complaint fails to state a claim for relief under this statute, the Court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

Under this standard, " '[t]he court's function . . . is . . . to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.' " Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009) (quoting Sutton v. Utah State Sch. for Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999)). Federal Rule of Civil Procedure 8 requires that a complaint contain "a short and plain

3

statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and further provides that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." Mann v. Boatright, 477 F.3d 1140, 1148 (10th Cir. 2007).

To avoid dismissal, a complaint must allege " 'enough facts to state a claim to relief that is plausible on its face.' " Hogan v. Winder, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)). " 'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). In reviewing a complaint, the court accepts as true the well-pled factual allegations and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor. Wilson v. Montano, 715 F.3d 847, 852 (10th Cir. 2013). The Court need not accept the plaintiff's conclusory allegations as true. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff must offer specific factual allegations to support each claim." Kan. Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1214 (10th Cir. 2011) (citing Twombly, 550 U.S. at 555). A complaint survives only if it " 'states a plausible claim for relief,' " though courts recognize that "[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context." Id. at 1214–15 (quoting Iqbal, 556 U.S. at 679).

Because Ms. Allen proceeds pro se, the undersigned construes her filings liberally and holds them "to a less stringent standard than formal pleadings drafted by

4

lawyers." Hall, 935 F.2d at 1110. Nonetheless, she must " 'follow the same rules of procedure that govern other litigants.' " Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005) (quoting Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994)). Thus, Ms. Allen "still has 'the burden of alleging sufficient facts on which a recognized legal claim could be based.' " Jenkins v. Currier, 514 F.3d 1030, 1032 (10th Cir. 2008) (quoting Hall, 935 F.2d at 1110). While a court must make some allowances for "the [pro se] plaintiff's failure to cite proper legal authority, his confusion of various legal theories, h[er] poor syntax and sentence construction, or h[er] unfamiliarity with pleading requirements[,]" Hall, 935 F.2d at 1110, the court cannot act as the litigant's advocate, supply additional factual allegations, or develop a legal theory for her. See, e.g., Smith, 561 F.3d at 1096.

## DISCUSSION

### 1. Section 1983

Ms. Allen purports to bring a claim against the Smith's Marketplace Defendants under § 1983. (Compl. 1, 5, ECF No. 3.) She alleges that the Smith's Marketplace Defendants violated her rights to freedom and privacy when, on December 6, 2017, they prevented her from completing her purchase at a Smith's Marketplace store. (Id. at 2-3.) The Complaint, however, fails to include facts to support a cause of action under § 1983.

A § 1983 claim "requires a plaintiff to show both the existence of a federally-protected right and the deprivation of that right by a person acting under color of state law." Wittner v. Banner Health, 720 F.3d 770, 773 (10th Cir. 2013). "[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no

matter how discriminatory or wrongful.' " Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quoting Blum v. Yaretsky, 457 U.S. 991, 1002 (1982)).

Here, Ms. Allen asserts claims against Smith's Marketplace, Kroger, and certain of their employees. Pursuant to Federal Rule of Evidence 201, the undersigned takes judicial notice of the fact that Kroger and Smith's Marketplace—one of Kroger's grocery store chains—are private entities, not state actors, since this fact is not subject to a reasonable dispute See, e.g., https://www.thekrogerco.com/about-kroger/our-business/ and https://www.thekrogerco.com/about-kroger/our-business/grocery-retail/ (last visited Apr. 19, 2019); see also Mitchell v. Vogel, No. 2:10-CV-435-FTM, 2010 WL 4595588, at *2–*3 (M.D. Fla. Nov. 3, 2010) (unpublished) (taking judicial notice of fact that a defendant is a private entity and dismissing § 1983 claim); Ma v. Univ. of S. Cal., No. C18-1778-JCC, 2019 WL 414502, at *2–*3 (W.D. Wash. Feb. 1, 2019) (unpublished) (same).

Further, while Ms. Allen checks boxes in her Complaint that the Smith's Marketplace Defendants acted under the authority of state law (Compl. 2–3, ECF No. 3), she does not assert any facts that would make their conduct attributable to the state as required to maintain a cause of action under § 1983 against a private entity or individual. A court may hold a private individual liable under § 1983 only where " 'the private person was jointly engaged with state officials in the challenged action, or has obtained significant aid from state officials, or that the private individual's conduct is in some other way chargeable to the State.' " Pino v. Higgs, 75 F.3d 1461, 1465 (10th Cir. 1996) (quoting Lee v. Town of Estes Park, 820 F.2d 1112, 1114 (10th Cir. 1987); Jojola v. Chavez, 55 F.3d 488, 492–93 (10th Cir. 1995) (noting the under-the-color-of-state-

6

law element of a § 1983 claim requires that the defendant "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.' " (quoting West v. Akins, 487 U.S. 42, 49 (1988))).

Ms. Allen has not plead any facts to support an inference that any of the Smith's Marketplace Defendants—private entities and individuals—acted under the color of state law when they prevented her from purchasing items at a Smith's Marketplace store. Thus Ms. Allen's § 1983 claim fails to state a claim upon which the Court may grant relief. See Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982) (indicating that if a defendant's conduct does not qualify as state action, then the inquiry into § 1983 liability ends). Accordingly, the undersigned RECOMMENDS that the District Judge DISMISS Ms. Allen's § 1983 claim.

**2. Section 1985**

Ms. Allen also purports to bring a claim against the Smith's Marketplace Defendants under § 1985. (Compl. 1, 5, ECF No. 3.) She alleges that the Smith's Marketplace employees identified as Jane Does 1 and 2 in the Complaint acted together and conspired against her by not letting her purchase the items she selected in the store. (Id. at 5.) Ms. Allen asserts that the employees entered the conspiracy "for a class-based reason socially and financially on both respects." (Id.) Ms. Allen, however, has not pled facts to support § 1985 conspiracy claim.

For a § 1985 claim, a plaintiff must allege a conspiracy aimed at either preventing an officer from performing her duties; intimidating a party, witness, or juror involved in a case; obstructing justice to deny a person equal protection of the laws; or depriving a person of his rights and privileges to deny her equal protection of the laws. 42 U.S.C. §

7

1985. Of the possible § 1985 violations Ms. Allen could allege, only the last could possibly apply. "[A] § 1985(3) claim generally describes a conspiracy of two or more persons for the purpose of depriving of another of equal protection of the laws or equal privileges and immunities under the laws." Dixon v. City of Lawton, 898 F.2d 1443, 1447 (10th Cir. 1990). "In order to support a section 1985(3) claim, the plaintiff must be a member of a statutorily protected class, and the actions taken by defendant must stem from plaintiff's membership in the class." Silkwood v. Kerr-McGee Corp., 637 F.2d 743, 746 (10th Cir. 1980). Specifically, "under § 1985(3) a conspiracy must be motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus[.]'" Tilton v. Richardson, 6 F.3d 683, 684 (10th Cir. 1993) (quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)); see also Brown v. Reardon, 770 F.2d 896, 907 (10th Cir. 1985) (indicating that § 1985(3) "'was intended . . . to provide redress for victims of conspiracies impelled by a commingling of racial and political motives'" (quoting Hampton v. Hanrahan, 600 F.2d 600, 623 (7th Cir. 1979)). Section 1985(3) does not "reach conspiracies motivated by bias towards others on account of their economic views, status, or activities." United Bhd. of Carpenters & Joiners v. Scott, 463 U.S. 825, 837 (1983) (emphasis in original) (overturning application of § 1985(3) to non-union employees).

      Ms. Allen's Complaint does not allege that racial or any other invidious discriminatory animus motivated the purported conspiracy to prevent her from purchasing items at Smith's Marketplace. Section 1985(3) does not protect the right to make purchases at a store without more. Id. At best, the Complaint alleges that bias on account of Ms. Allen's economic or social status motivated the conspiracy. (See

8

Compl. 5, ECF No. 3.) Ms. Allen does not sufficiently allege facts to support her claim that the Smith's Marketplace Defendants conspired against her on that basis. While she alleges that "the conspiracy was entered for a class-based reason socially and financially on both respects," (Compl. 5, ECF No. 3), this conclusory allegation, without any factual support, does not state a claim. See O'Connor v. St. John's Coll., 290 F. App'x 137, 141 (10th Cir. 2008) (unpublished) (stating that "Section 1985(3) conspiracy claims cannot stand on 'vague and conclusory allegations.' " (quoting Ctr. for Bio-Ethical Reform Inc. v. City of Springboro, 477 F.3d 807, 832 (6th Cir. 2007))). The Complaint fails to identify what class Ms. Allen belongs to, why the Smith's Marketplace Defendants would think she was a member of that class, and what was the nature of their animus. Thus Ms. Allen's § 1985(3) conspiracy claim fails to state a claim upon which the Court may grant relief, and the undersigned therefore RECOMMENDS that the District Judge DISMISS this claim.

### 3. Section 1981

Ms. Allen's allegations that the Smith's Marketplace Defendants did not allow her to purchase items from a Smith's Marketplace store bears more resemblance to a § 1981 claim, which prohibits certain discrimination by private individuals and companies, than a § 1983 claim, which as addressed above, applies to state action. Therefore, construing the Complaint in the light most favorable to Ms. Allen as the Court must given her pro se status, the undersigned considers whether Ms. Allen's Complaint states a viable claim under § 1981.

Section 1981 provides that "[a]ll persons . . . shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a).

As relevant here, § 1981 "has been applied to discrimination claims arising in the retail sector and restaurant industry." Hampton v. Dillard Dep't Stores, Inc., 247 F.3d 1091, 1102 (10th Cir. 2001). To establish a § 1981 claim, a plaintiff must show

> (1) that the plaintiff is a member of a protected class;
> (2) that the defendant had the intent to discriminate on the basis of race; and
> (3) that the discrimination interfered with a protected activity as defined in § 1981.

Id. at 1101–02. Importantly, § 1981 only applies to racial discrimination claims. See Reynolds v. Sch. Dist. No. 1, 69 F.3d 1523, 1532 (10th Cir. 1995) ("Section 1981 prohibits racial discrimination in 'the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.' " (quoting 42 U.S.C. § 1981(a) & (b))); Univ. of Texas Sw. Med. Ctr. v. Nassar, 570 U.S. 338, 355 (2013) (indicating that § 1981 prohibits "racial discrimination [and] retaliation against those who oppose it.").

Here, Ms. Allen does not allege her race in the Complaint nor does she allege that the Smith's Marketplace Defendants discriminated against her on the basis of her race. As addressed above, at most, Ms. Allen alleges that the Smith's Marketplace Defendants discriminated against her based on her economic status. Because Ms. Allen does not allege her race in the Complaint or that the Smith's Defendants discriminated against her on this basis, she fails to state a claim under § 1981. See Kelly v. U.S. Dep't of Justice, No. 03-4137-JAR, 2003 WL 22533562, at *2 (D. Kan. Oct. 31, 2003) (unpublished) (finding that the plaintiff failed to state a claim under § 1981 where he failed to allege "his race or national origin" in the complaint or "allege intentional discrimination resulting from racial animus, as § 1981 requires"), aff'd, 100 F.

10

App'x 827 (10th Cir. 2004) (unpublished); Shaffer v. Direct Med., Inc., No. CIV-10-774-D, 2012 WL 676388, at *1 (W.D. Okla. Feb. 28, 2012) (unpublished) (dismissing § 1981 claim "as no racial discrimination is at issue"); Nesbitt v. Louisiana Energy Servs., LLC, No. 10CV330 RB/LAM, 2010 WL 11623359, at *4 (D.N.M. Apr. 21, 2010) (unpublished) (finding that the plaintiff could not state a claim under § 1981 because she "alleged no facts related to alleged racial discrimination").  Accordingly, to the extent the undersigned reads Ms. Allen's Complaint as attempting to state a claim under § 1981, the undersigned RECOMMENDS that the District Judge DISMISS this claim.

### 4. State Law Claims

Ms. Allen also asserts that Jane Doe 2 assaulted her and that the Smith's Marketplace employees violated state law by asking her for identification when she attempted to make her purchase.  (Compl. 3, 5, & 7, ECF No. 3.)  As an initial matter, the undersigned is not aware of any state law that prohibits a retailer from asking for identification.  However, even if such a law exists, both that law—by Ms. Allen's own admission—and assault are state law claims.  Ms. Allen asserts that federal question jurisdiction exists in this case.  (Civil Cover Sheet, ECF No. 3-1.)  However, as addressed above, Ms. Allen does not state a plausible claim for relief under any federal laws.  Moreover, Ms. Allen alleges that she is a citizen of the State of Utah and that Smith's Marketplace, Jane Doe 1, and Jane Doe 2 are citizens of Utah (Compl. 1–3, ECF No. 3), meaning that diversity jurisdiction does not exist either.  See 28 U.S.C. § 1332(a) (providing that diversity jurisdiction exists only where the parties are citizens of different states, and the amount in controversy exceeds $75,000).

While federal courts generally have supplemental jurisdiction over state law claims asserted in a case, "a district court may decline to exercise supplemental jurisdiction if 'the district court has dismissed all claims over which it has original jurisdiction.' " Koch v. Del City, 660 F.3d 1228, 1248 (10th Cir. 2011) (quoting 28 U.S.C. § 1367(c)(3)). Indeed, the Tenth Circuit has held that " '[w]hen all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.' " Id. (quoting Smith v. City of Enid ex rel. Enid City Comm'n, 149 F.3d 1151, 1156 (10th Cir. 1998) (emphasis added)). Because Ms. Allen has not stated a plausible claim for relief under any federal law—the only basis for this Court's jurisdiction—the Court should decline to exercise supplemental jurisdiction over any state law claims Ms. Allen asserts in her lawsuit. See Jones v. Norton, 3 F. Supp. 3d 1170, 1212 (D. Utah 2014) (declining to exercise supplemental jurisdiction over state law assault and battery claim and other state law claim where the court "dismiss[ed] all of the claims over which it ha[d] original jurisdiction"), aff'd, 809 F.3d 564 (10th Cir. 2015). Accordingly, the undersigned RECOMMENDS that the District Judge DISMISS Ms. Allen's state laws claims without prejudice. See Brooks v. Gaenzle, 614 F.3d 1213, 1230 (10th Cir. 2010) (holding that where a court declines to exercise supplemental jurisdiction over remaining state law claims, it should dismiss those state law claims without prejudice).

## **RECOMMENDATION**

For the reasons set forth above, the undersigned Magistrate Judge RECOMMENDS the District Judge dismiss this action without prejudice.

The Court will send copies of this Report and Recommendation to all parties, who the Court hereby notifies of their right to object to the same. See 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days of service thereof. Id. Failure to object may constitute waiver of objections upon subsequent review.

DATED this 22nd day of April, 2019.

BY THE COURT:

_____
EVELYN J. FURSE
United States Magistrate Judge